THE PEOPLE v. FRANKLIN S. SCRANTON AND WELCOME S. SCRANTON.

*Liquor saloon—Failure to keep same closed on Sunday—Under evidence (see head-note 1), question of what rooms constituted the saloon was properly left to the jury—Liquor business as lawful as any other under laws of Michigan—If carried on within the restrictions imposed by the Legislature—Rights thereunder should be respected and protected by the courts.*

1. Respondents were convicted of failing to keep their saloon closed on Sunday. The evidence disclosed that they carried on their business in a building containing three rooms on the ground floor, one used for the sale of tobacco and cigars, one for the sale of liquor, and the third as a card-room; that the cigar and tobacco room was in the front end of the building, facing the street, over the front door of which was the word " Saloon," that this room was divided from the one where liquors were sold by a partition, in which were two doors, one near the center and the other opening into the liquor-room from behind the tobacco-counter; that the card-room was in the rear, and that the only way of entering the liquor-room was from the tobacco and cigar room or by the back door of the building. Testimony was given tending to show that persons were seen *in* the room where liquors were sold, and going *out* of the *back* door of the building, on the Sunday in question, and it was undisputed that the tobacco and cigar room was open and parties entered same by the front door; but respondents testified that the doors leading therefrom were fastened and not opened on the Sunday named

   *Held,* that the court properly left it for the jury to say *what* rooms constituted the saloon.

2. The liquor business is as lawful as any other under the laws of this State when carried on within the restrictions imposed by the Legislature, and rights thereunder should be respected and protected by the courts as carefully, and to the same extent, as those existing in any other kind of business It is with the *legal* features of the business, like irregularities in any other kind of business, that courts have to do, and those only, when cases are brought before them for adjudication; and the same caution should be observed by the trial judge in conducting the proceedings before the jury that is required in other cases, and nothing should be allowed to be done or said which would operate to the prejudice of either party.

Exceptions before judgment from Mecosta. (Fuller, J.) Argued April 21, 1886. Decided April 29, 1886.

Respondents were convicted of failing to keep their saloon closed on Sunday. Affirmed. The facts are stated in the opinion, and in head-note 1.

*Frank Dumon*, for respondents:

Distinguishes the case at bar from *People v. Waldvogel*, 49 Mich. 337 ; *People v. Roby*, 52 Id. 577 ; *People v. Blake*, Id. 566 ; *People v. Higgins*, 56 Id. 159 ; *People v. Cummerford*, 58 Id. 328, in this : that in all of said cases the portion of the building where liquor was served to customers was open, while in this case there is no pretence that liquors were sold, kept for sale, or served to respondents' customers in the tobacco-room.

*Moses Taggart*, Attorney General, for the People.

SHERWOOD, J. The defendants were arrested and prosecuted before a justice of the peace for keeping their saloon open on Sunday, in the village of Paris, in the county of Mecosta, and were convicted.

The case was appealed to the circuit court, where another trial was had before a jury, and the defendants were again convicted, and the case now comes before us on exceptions before judgment.

It appears from the record that the defendants carried on their business in a building containing three rooms occupied by them, one used for a card-room, the second for the sale of tobacco and cigars, and the third for the sale of liquors ; that the only entrance to the room where the liquors were kept and sold was through a door between it and the one where the cigars and tobacco were sold, except a back door opening into a narrow passage-way outdoors, and over the door at the front entrance was a sign containing the word "Saloon." This door opened into the tobacco room ; that on the day in question this door was open, and persons were passing in and out, and purchasing cigars.

There was also testimony given tending to show that two persons were seen going out of the back door in the saloon, and that the door was kept locked between the tobacco-room and the room where the liquor was kept.

The court, in submitting the case to the jury, left it to the jury to say what rooms constituted the saloon, and whether it was kept closed on the Sunday mentioned in the complaint made.

It is claimed that the question as to what portion of the building constituted the defendants' saloon should have been determined by the court, and not left to the jury; and this question is fairly raised in the exceptions.

The testimony tended to show that the cigar-room was used in connection with the room where the liquors were sold ; that there was a slide door between them eight feet wide ; and that the usual place of entering and leaving the saloon was through the cigar-room.   Under the facts stated in the testimony we think the question was properly submitted to the jury.

The court, in charging the jury, in commenting on the character of the defendants' business, used the following language :

" You, gentlemen, may be prejudiced against a man who is engaged in the liquor traffic; you may possibly think that it is a very poor business for a man to be engaged in ; no one would, perhaps, quarrel with you if you did.   There is probably no saloon-keeper in the State of Michigan but who is ashamed of the business himself, unless he has been in the business so long as to destroy all sense of that kind."

This had better have been omitted.

The liquor business is as lawful as any other business under the laws of this State when it is carried on within the restrictions established by the Legislature, and rights thereunder should be respected and protected by courts as carefully, and to the same extent, as those existing in any other kind of business.[1]   It is with the legal features of the business, like irregularities in any other business, that courts have to do, and those only, when cases are brought before them for adjudication; and the same caution should be observed by the trial judge in conducting the proceedings before the jury

[1] See *Potter v. Village of Homer*, 59 Mich. 8; *Amperse v. City of Kalamazoo*, Id. 78.

that is required in other cases, and nothing allowed to be done or said which would operate to the prejudice of either side.

Jurors are apt in discovering the leaning of courts, in any case, so long as they have respect for the judgment of the presiding judge, and almost invariably adopt his views upon questions of fact as well as of law.

We feel quite satisfied, however, in this case, whatever error might have occurred in this direction was fully cured by the other portions of the charge, and the circuit judge is advised to proceed to judgment in the case.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.